**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

ARCH SPECIALTY INSURANCE
COMPANY,

               Plaintiff,

   v.

PROJECT RENEWAL, INC,

               Defendant.

Civil Action No.:
23-CV-10889

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Arch Specialty Insurance Company ("Arch") for its Complaint for Declaratory Judgment states as follows:

## NATURE OF THE ACTION

1.    This is an insurance coverage dispute.  Arch issued a General Liability Policy to Project Renewal, Inc. ("Project Renewal") for the Policy Period of April 26, 2017 to April 26, 2018 (the "Policy").   The Policy contains a Fungi and Bacteria Exclusion which excludes coverage under the Policy for, among other things, injuries or damages arising out of, relating to, or resulting from the (1) actual, alleged or threatened exposure to, consumption of, ingestion of, inhalation of, absorption of, existence of or presence of "fungi or bacteria"—including mold—in any manner or form whatsoever; (2) the actual or alleged failure to warn, advise or instruct related to "fungi or bacteria" in any manner or form whatsoever; and (3) the actual or alleged failure to prevent exposure to "fungi or bacteria" in any manner or form whatsoever.

2.    Ashleigh Skyers ("Skyers") filed a lawsuit against Project Renewal and others captioned *Ashleigh Skyers v. The City of New York and the New York City Department of Homeless Services, 1376 Teller, LLC, and Project Renewal, Inc.*, Index No. 20584/2019E,

pending in the Supreme Court of the State of New York, County of Bronx (the "Lawsuit").  In the Lawsuit, Skyers alleges that, on February 8, 2018, while residing in an apartment owned and/or operated by the defendants, she was exposed to and ingested mold due to the defendants' negligence and, as a result, sustained serious permanent injuries.

3.      The Policy's Fungi and Bacteria Exclusion entirely precludes coverage for the Lawsuit under the Policy.  As such, there is no coverage for the Lawsuit under the Policy, and Arch does not owe a duty to defend or indemnify Project Renewal with respect to the Lawsuit. Other terms, conditions, and/or exclusions of the Policy further limit or bar coverage for the Lawsuit.

## PARTIES

4.      Arch is a corporation organized and existing under the laws of Missouri with its principal place of business in New Jersey.

5.      Project Renewal is a corporation organized under the laws of New York with its principal place of business located in New York.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a), 2201, and 2022, as complete diversity exists between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and Arch seeks declaratory relief with respect to a case of actual controversy within this Court's jurisdiction.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (2), in that Defendants are residents within this judicial district and a substantial part of the events or omissions giving rise to this action occurred within this district.

## THE ARCH POLICY

7.      Arch issued the Policy to Project Renewal for the Policy Period of April 26, 2017 to April 26, 2018.  A true and correct copy of the Policy is attached as **Exhibit A**.

8.      Policy Section I. defines the scope of coverage provided by the Policy, as follows:

> **1.      Insuring Agreement**
>
> >  a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "claim" seeking those damages. However, we will have no duty to defend the insured against any "claim" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any "claim" that may result.

(Ex. A, p. 93).

9.      Policy Section VII.26. defines "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."  (Ex. A, p. 123).

10.     Policy Section VII.7. defines "claim" to mean "a demand which seeks damages, any circumstance which is likely to result in a demand for damages, or 'suit'."  (Ex. A, pp. 118-9).

11.     Policy Section VII.33. defines "suit" as "a civil proceeding in which damages because of 'bodily injury', 'property damage' or 'personal and advertising injury' to which this insurance applies are alleged."  (Ex. A, p. 124).

12.     Policy Section VII.6. defines "bodily injury" to mean "physical harm, including sickness, disease or death, to the physical health of other persons. It includes mental anguish, injury or illness, or emotional distress, that results from such physical harm, sickness or disease." (Ex. A, p. 118).

13.   Policy Section V.19., the "Fungi and Bacteria Exclusion," provides that the Policy does not apply to any "claim" that alleges:

> Fungi And Bacteria Exclusion
>
> Injury or damage that in any way, in whole or in part, arises out of, relates to or results from the "fungi or bacteria hazard".
>
> This exclusion includes, but is not limited to, compliance with any request, demand, order or statutory or regulatory requirement, or any other action authorized or requested by law, or any other "claim", demand, loss, cost or expense arising out of, relating to or resulting from the investigation of, abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of "fungi or bacteria", as well as any loss, costs, fees, expenses, penalties, judgments, fines, or sanctions arising out of, relating thereto or resulting therefrom.
>
> This exclusion does not apply to any "fungi or bacteria" that are on or are contained in food or beverages. However, this exception does not apply to the presence of "fungi or bacteria" in any other place whether directly or indirectly resulting from such food or beverages.
>
> As used in this exclusion, "fungi or bacteria hazard" means:
>
> a.   Actual, alleged or threatened exposure to, consumption of, ingestion of, inhalation of, absorption of, existence of or presence of "fungi or bacteria" in any manner or form whatsoever;
>
> b.   The actual or alleged failure to warn, advise or instruct related to "fungi or bacteria" in any manner or form whatsoever;
>
> c.   The actual or alleged failure to prevent exposure to "fungi or bacteria" in any manner or form whatsoever; or
>
> d.   The actual or alleged presence of "fungi or bacteria" in any manner or form whatsoever, in any place whatsoever, whether or not within a facility owned or used by the named insured, including its contents.
>
> As used in this exclusion, "fungi or bacteria" include, without limitation, mold, mildew, yeast, spores, mycotoxins, endotoxins, or

<div style="margin-left:2em">other pathogens, as well as any particulates or byproducts of any of the foregoing, either directly or indirectly.</div>

(Ex. A, p. 107).

### THE LAWSUIT

14.     On March 9, 2018, Skyers' counsel wrote to Project Renewal that his office "has been retained by the above-named to pursue a claim for personal injuries arising out of and as a result of an accident which occurred on the above date through your negligence" (the "Attorney Letter").  A true and correct copy of the Attorney Letter is attached as **Exhibit B**.

15.     The Attorney Letter does not contain any allegations regarding mold.

16.     On March 20, 2018, Project Renewal notified Arch of the Attorney Letter.

17.     On March 26, 2018, Arch retained defense counsel for Project Renewal to investigate the "accident" alleged in the Attorney Letter.

18.     On January 15, 2019, Skyers filed her original complaint in the Lawsuit.  Project Renewal was not named as a defendant in the original complaint.

19.     On June 14, 2019, Arch wrote to Project Renewal explaining that, in the event Project Renewal was named as a defendant in the Lawsuit, no coverage would be available under the Policy.

20.     On April 29, 2022, Skyers filed the operative Amended Complaint in the Lawsuit, adding Project Renewal as a defendant.  A true and correct copy of the Amended Complaint is attached as **Exhibit C**.

21.     In the Lawsuit, Skyers alleges that she became ill and sustained serious and permanent injuries as a result of exposure to and ingestion of mold in her apartment unit located at 1378 Teller Avenue, Apt. 4D, Bronx, New York on or about February 8, 2018.

22. In the Lawsuit, Skyers alleges that the mold conditions in her apartment unit were the result of the defendants' negligence.

23. In the Lawsuit, Skyers alleges that Project Renewal had notice of the dangerous mold conditions for at least 15 days prior to February 8, 2018.

24. On November 11, 2022, Arch wrote to Project Renewal denying coverage for the Lawsuit and advising that Arch was withdrawing its defense of Project Renewal.

## INSURANCE COVERAGE DISPUTE

25. Project Renewal seeks insurance coverage from Arch for the Lawsuit under the Policy.

26. Arch disputes that coverage exists for the Lawsuit under the Policy.

27. An actual, present, and bona fide controversy exists between Arch and Project Renewal with respect to whether there is insurance coverage for the Lawsuit under the Policy and whether, and to what extent, Arch has a right to recoup the amounts it spent to defend Project Renewal in the Lawsuit.

28. A judicial declaration is necessary to establish the parties' rights and duties, if any, under the Policy.

## COUNT I – DECLARATORY JUDGMENT
### (Fungi And Bacteria Exclusion)

29. Arch incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 28 as though set forth fully herein.

30. The Fungi and Bacteria Exclusion precludes coverage under the Policy for injury or damage that in any way, in whole or in part, arises out of, relates to or results from the "fungi or bacteria hazard," defined as (a) actual, alleged or threatened exposure to, consumption of, ingestion of, inhalation of, absorption of, existence of or presence of "fungi or bacteria" in any

manner or form whatsoever; (b) the actual or alleged failure to warn, advise or instruct related to "fungi or bacteria" in any manner or form whatsoever; (c) the actual or alleged failure to prevent exposure to "fungi or bacteria" in any manner or form whatsoever; or (d) the actual or alleged presence of "fungi or bacteria" in any manner or form whatsoever, in any place whatsoever, whether or not within a facility owned or used by the named insured, including its contents.

31.     The Policy defines "fungi or bacteria" to include, without limitation, "mold, mildew, yeast, spores, mycotoxins, endotoxins, or other pathogens, as well as any particulates or byproducts of any of the foregoing, either directly or indirectly."

32.     The Lawsuit alleges injuries and damages that arise out of, relate to, or result from actual, alleged or threatened exposure to, consumption of, ingestion of, inhalation of, absorption of, existence of or presence of mold in any manner or form whatsoever.

33.     The Lawsuit alleges injuries and damages that arise out of, relate to, or result from the actual or alleged failure to warn, advise or instruct related to mold in any manner or form whatsoever.

34.     The Lawsuit alleges injuries and damages that arise out of, relate to, or result from the actual or alleged failure to prevent exposure to mold in any manner or form whatsoever.

35.     The Lawsuit alleges injuries and damages that arise out of, relate to, or result from the actual or alleged presence of mold in any manner or form whatsoever, in any place whatsoever, whether or not within a facility owned or used by the named insured, including its contents.

36.     Accordingly, the Policy's Fungi and Bacteria Exclusion precludes coverage for the Lawsuit under the Policy.

## COUNT II – DECLARATORY JUDGMENT
### (Expected or Intended Injury Exclusion)

37.     Arch incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 36 as though set forth fully herein.

38.     Policy Section V.18., the "Expected Or Intended Injury Exclusion," provides that the Policy does not apply to any "claim" that alleges:

**Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

39.     Coverage for the Lawsuit under the Policy is barred or limited to the extent the Expected Or Intended Injury Exclusion applies.

## COUNT III – DECLARATORY JUDGMENT
### (Recoupment of Defenses Costs)

40.     Arch incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 39 as though set forth fully herein.

41.     Arch has expended amounts in connection with Project Renewal's defense of the Lawsuit.

42.     Arch has no duty to defend Project Renewal or reimburse fees, costs or expenses incurred by Project Renewal in its defense of the Lawsuit.

43.     Arch has contractual and common law rights to recoup uncovered amounts paid by Arch in Project Renewal's defense of the Lawsuit.

44.     Therefore, Project Renewal is required to repay Arch all fees, costs, and expenses paid, advanced and/or reimbursed by Arch with respect to the Lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Arch Specialty Insurance Company requests that this Court enter a judgment in its favor and against Defendants, awarding the following relief:

(A)    A declaration that Arch has no duty to defend or indemnify Project Renewal in connection with the Lawsuit under the Policy;

(B)    A declaration that Arch may withdraw its defense of Project Renewal in connection with the Lawsuit under the Policy;

(C)    A declaration that Project Renewal is required to repay to Arch all defense costs advanced by Arch with respect to the Lawsuit;

(D)    Costs of suit incurred herein; and

(E)    Such other and further relief at law or in equity that the Court deems just and proper.

## RESERVATION OF RIGHTS

The Policy contains terms, conditions, and exclusions that may be relevant to the Lawsuit but that are not currently implicated by this declaratory judgment action. Nothing in this Complaint should be construed as a waiver by Arch of any coverage defenses at law, in equity, or under the Policy. Arch continues to reserve all rights with respect to any claim for coverage made under the Policy where appropriate, and waives none.

Dated: December 15, 2023

Respectfully submitted,
ARCH SPECIALTY INSURANCE COMPANY

*Gregg D. Weinstock*

Gregg D. Weinstock
BARKER PATTERSON NICHOLS, LLP
300 Garden City Plaza, Suite 100
Garden City, NY 11530
Telephone: (516) 926-3396
G.Weinstock@bpn.law