**BATESCAREY** LLP

Jonathan R. Walton
312-762-3269
jwalton@batescarey.com

April 18, 2024

**MEMO ENDORSED**

**VIA E-MAIL**

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Courtroom 443
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/18/2024

     **Re:**    **Arch Specialty Insurance Company v. Project Renewal, Inc.**
              **Civil Action No.: 1:23-cv-10889-VEC**

Dear Judge Caproni:

     We respectfully submit this joint status letter in advance of the Initial Pretrial Conference scheduled for April 26, 2024 at 10:00 a.m. (ECF No. 13). BatesCarey LLP and Barker Patterson Nichols represent Arch Specialty Insurance Company ("Arch") in the captioned lawsuit and Schwartz, Conroy & Hack PC represents Project Renewal, Inc. ("Project Renewal").

     **A brief description of the case, including the factual and legal bases for the claims and defenses.** Plaintiff's Description: This is an insurance coverage dispute concerning a lawsuit filed against Project Renewal and others captioned *Ashleigh Skyers v. The City of New York and the New York City Department of Homeless Services, 1376 Teller, LLC, and Project Renewal, Inc.*, Index No. 20564/2019E, pending in the Supreme Court of the State of New York, County of Bronx (the "Skyers Lawsuit"). Ashleigh Skyers alleges that, on February 8, 2018, while residing an apartment owned and/or operated by the defendants, she was exposed to and ingested mold, resulting in injuries. Arch issued a General Liability Policy to Project Renewal. The General Liability Policy contains a Fundi and Bacteria Exclusion which excludes coverage for, among other things, injuries or damages arising out of, relating to, or resulting from the (1) actual, alleged or threatened exposure to, consumption of, ingestion of, inhalation of, absorption of, existence of or presence of "fungi or bacteria"—including mold—in any manner or form whatsoever; (2) the actual or alleged failure to warn, advise or instruct related to "fungi or bacteria" in any manner or form whatsoever; and (3) the actual or alleged failure to prevent exposure to "fungi or bacteria" in any manner or form whatsoever. In this action, Arch seeks a judicial declaration that the Fungi and Bacteria Exclusion entirely precludes coverage for the Skyers Lawsuit and that Arch may therefore withdraw from the defense of the Skyers Lawsuit.

     Defendant's Description: As acknowledged by Arch, its sole basis for denying coverage under the subject general liability policy (the "Policy") is the Policy's Fungi and Bacteria Exclusion. Stated differently, Arch fully admits that the insuring agreement of the Policy covers Plaintiffs in connection with the Lawsuit and that, but for the exclusion, Project Renewal is a covered insured.



Hon. Valerie E. Caproni
April 18, 2023
Page 2 of 2

Under such circumstances, where an insurer's denial is predicated on an exclusion, New York law requires the insurer to give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured **and the injured person** or any other claimant. <u>See</u>, NY INS § 3420 (d) (2). Among Project Renewal's defenses is that the attempted disclaimer dated November 11, 2022, is invalid because Arch did not timely notify the personal injury plaintiff, Ashley Skyers, that it was disclaiming coverage based on a Policy exclusion. Additionally, **the personal injury plaintiff, Ashley Skyers, must be added as a necessary party** because only she, not Project Renewal, has standing to assert statutory preclusion under Section 3420 of the New York Insurance Law.

**Any contemplated motions**.   The parties anticipate filing motion(s) for summary judgment at the conclusion of limited discovery.

**The basis for subject matter jurisdiction**.   The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a), 2201, and 2022, as complete diversity exists between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**The prospect for settlement**.   The parties have not discussed settlement.

**Whether the parties believe a Rule 16 conference would be helpful or whether they believe it is unnecessary and that their proposed Case Management Plan be ordered**.   The parties do not believe a Rule 16 conference is necessary and respectfully request entry of the proposed Case Management Plan.

Thank you for the Court's attention to this matter.

Very truly yours,

/s/ *Jonathan R. Walton*

Jonathan R. Walton

/s/ *Gregg D. Weinstock*

Gregg D. Weinstock

/s/ Evan Schwartz

Evan S. Schwartz

The Initial Pretrial Conference currently scheduled for April 26, 2024 at 10:00 A.M. is CANCELLED.  The Court will enter the case management plan by separate order.  At any time upon a joint request, the Court can enter a referral to the Hon. Stewart Aaron, U.S. Magistrate Judge, for a settlement conference.

SO ORDERED.                    4/18/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE